# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MICHIGAN

In Re: Bky. No.: 17-47680-mar

Francetta Boyd Chapter 13

Francetta Boyd,

        Plaintiff,

Adversary Proceeding No.: 19-04310-mar

v.

I.C. System, Inc., and
Samer G. Shamoon, D.D.S., P.C.,

        Defendants.

## REPLY MEMORANDUM OF LAW IN SUPPORT OF

## MOTION FOR SUMMARY JUDGMENT

Plaintiff's opposition attempts to create fact issues by raising new arguments based on inadmissible evidence and mischaracterizing the timeline of events. To provide clarity, the undisputed facts are as follows:

| Date | Event |
|---|---|
| July 2007-August 2013 | Plaintiff receives dental services from Dr. Shamoon. The account ledger shows an unpaid balance throughout this time. (Doc. 76-3 at 1-2) |
| September 2014 | Plaintiff's unpaid balance for **account #1** ($275) is placed with IC for collections. (Doc. 73 at p. 27) |
| September 2014-May 2017 | Plaintiff makes no payments toward the $275 balance for **account #1**. (Doc. 73 at p. 27) |
| **May 19, 2017** | **Plaintiff files her petition for bankruptcy.** Plaintiff identifies IC and the $275 balance for account #1 on the creditor's matrix (Doc. 73 at p. 65) |
| May 22, 2017 | IC receives notice of bankruptcy and **closes account #1** and |

| | |
|---|---|
| | collection activity is ceased. (Doc. 73 at p. 28) No payments were made on the account #1 balance. (*Id.* at p. 27) |
| July 8, 2017 | Plaintiff receives dental services totaling $144.00. Plaintiff makes a $60.00 payment to Dr. Shamoon on the same day. (Doc. 76-3 at 3) |
| December 28, 2017 | Plaintiff's **account #2** is sent to IC for collections. (Doc. 73 at 30.) Due to a clerical error, Plaintiff's account #2 was *reduced* to $77.61. (Doc. 73 at p. 26, ¶4; *see also id.* at p. 31) |
| December 29, 2017 | IC sends Plaintiff first letter regarding **account #2**. (Doc. 73 at p. 33) |
| January 2018 – July 2018 | IC attempts to contact Plaintiff by telephone regarding **account #2**. (Doc. 73 at pp. 36-41) |
| March 5, 2018 | IC sends Plaintiff second letter regarding **account #2**. (Doc. 73 at p. 33) |
| July 20, 2018 | Plaintiff pays IC the $77.61 balance in full for **account #2**. (Doc. 73 at p. 30, 33) |
| July 24, 2018 | IC sends Plaintiff a letter with a receipt confirming her payment on **account #2**. (Doc. 73 at p. 33) |
| September 15, 2018 | Plaintiff receives additional dental services from Dr. Shamoon totaling $100, which she pays for on the same day. (Doc. 76-3 at 3) |
| July 2019 | Plaintiff initiates the instant adversary proceeding. |

Plaintiff's claims (as pled and testified to) are as follows:

- Plaintiff alleges that IC violated the automatic stay when it attempted to collect the $77.61 balance, including sending two letters in December 2017 and March 2018, and attempting to contact her by telephone between December 2017 and July 2018. (Doc. 22 at ¶¶19-21.)

- Plaintiff alleges Dr. Shamoon violated the automatic stay when he allegedly "refused to provide dental services until the outstanding pre-petition dental bill was paid in full" and that it was only after she

- "made a payment of $77.61 to Defendant I.C. System" in July 2018 that "Plaintiff was able to receive dental work from Defendant Dr. Shamoon." (*Id*. at ¶¶18, 22, 24, 25.)

- Consistent with the above, Plaintiff testified that the basis for her claims is premised on Defendants' attempts to collect the $77.61 debt. (Doc. 76-5, 12:21-14:7, 21:8-22:25, 26:10-28:14.)

Based on the undisputed facts, Plaintiff's claims and testimony all involve a post-petition debt which Defendants properly attempted to collect. Apparently recognizing that the undisputed record dooms her claims, Plaintiff now attempts to raise new (unpled) arguments that are contrary to the allegations in the operative Complaint and her own deposition testimony.

Plaintiff's efforts are unavailing. Summary judgment is warranted.

## **ARGUMENT**

### I. **PLAINTIFF HAS NOT ESTABLISHED AN INJURY IN FACT.**

Plaintiff's claims are premised on the allegation that Defendants committed a procedural violation of the automatic bankruptcy stay when they attempted to collect the $77.61 debt. Plaintiff described the harm she suffered as a result of Defendants' conduct as "aggravation." (Doc. 76-5 at p. 38.) Plaintiff's vague allegation does not trigger Article III standing. *See Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 864 (6th Cir. 2020) (finding that Plaintiff's bare allegation of anxiety, regarding the potential consequences of his failure to pay his

3

19-04310-mar    Doc 79    Filed 07/17/20    Entered 07/17/20 13:04:46    Page 3 of 9

debt, was insufficient to establish standing without additional corroborating evidence).

At the end of Plaintiff's deposition, Plaintiff's counsel guided Plaintiff through a series of leading questions in order to rehabilitate her testimony. (Doc. 76-5 at 37-49.) During redirect, Plaintiff testified that she was harmed because she experienced pain (*i.e.*, a toothache) when Dr. Shamoon "refused" to provide her dental services. Assuming (for the purposes of standing) that such leading testimony was admissible (which it isn't), such refusal does not constitute a concrete injury-in-fact so as to confer standing.

Plaintiff testified that she *wasn't* required to pay the balance before receiving dental services from Dr. Shamoon (76-5 at 28-30) and she further testified that she could have gotten dental services elsewhere, in any event (*id*. at p. 31, 51-52). In any event, Dr. Shamoon is free to deny dental services to patients who fail to pay.

In short, Plaintiff fails to establish that she suffered a concrete injury, or any other harm, as the result of Defendants' proper attempts to collect the $77.61 post-petition debt. Plaintiff therefore lacks Article III standing and her claims should be dismissed.

II. **SUMMARY JUDGMENT SHOULD BE GRANTED ON THE MERITS BECAUSE PLAINTIFF HAS NOT ESTABLISHED A VIOLATION OF THE STAY.**

Plaintiff argues in opposition to summary judgment that she made a $60 payment to Dr. Shamoon on July 8, 2018, which was applied "towards the pre-

petition balance." (Doc. 76 at p. 2.) As an initial matter, this new argument has never been pled (nor has Plaintiff sought leave to amend) and, indeed, is contrary to the claims in the operative Complaint. (*See* Doc. 22.) Because this claim was never properly pled, Plaintiff's concocted argument should be disregarded as procedurally improper and futile. *See La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP,* 622 F.3d 471, 486 (6th Cir. 2010) ("[A] request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend."); *Brown v. Owens Corning Inv. Review Comm.,* 622 F.3d 564, 569 (6th Cir. 2010) (motion to amend denied if amended claims would be futile); *Butler v. Sturgess,* No. 05-74353, 2005 WL 8178505, at *2 (E.D. Mich. Nov. 23, 2005) (disregarding arguments regarding claims not made asserted in complaint); *Bell v. FirstEnergy Generation Corp.*, No. 1:09 CV 1880, 2011 WL 3851215, at *4 (N.D. Ohio Aug. 30, 2011) (disregarding argument based on claim not pled in the complaint in the party's brief in opposition as "too little too late").

But even if it was properly pled, Plaintiff's new argument is a distinction without a difference. It is undisputed that Plaintiff sought (and received) dental services on July 8, 2018 in the amount of $144. (Doc. 72 at p.2-3, 76-3.) It is also undisputed that these services were provided over a year *after* the bankruptcy petition was filed.

5
19-04310-mar    Doc 79    Filed 07/17/20    Entered 07/17/20 13:04:46    Page 5 of 9

And this new argument is directly contrary to Plaintiff's *own* testimony in which she testified that she was asked by Dr. Shamoon to make the payment as a co-pay for the services being provided *on that day*:

> It was a service I think before I had to actually go in and get that tooth pulled and I had to pay that – the $60. I had insurance, so the $60 I believe that was the co-pay of that.

(Doc. 76-5 at 41:25-42:11.) Simply put, the $60 payment she made to Dr. Shamoon on July 8, 2018 was made towards a post-petition debt and Plaintiff's attempt to contradict herself to create a sham issue of fact should be rejected. *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006) (courts should strike a party's arguments or facts that are directly contrary to their prior testimony in order to create a "sham fact issue").

Plaintiff also strains to create a fact issue by attempting to interpret Dr. Shamoon's internal account ledger. (Doc. 76 at p. 2.) Specifically, Plaintiff argues that because the account ledger shows a balance, Dr. Shamoon must have attempted to collect a pre-petition debt at some point. (*Id.*) But Plaintiff fails to submit any admissible evidence in support of her argument.

Plaintiff has not produced *any* letters or communications indicating that attempts were made to collect a pre-petition debt. Plaintiff never alleges she "received" *any* statement from Dr. Shamoon; much less one seeking to collect a pre-petition debt. (Doc. 76-5 at 21:8-22:25.) In fact, her testimony regarding the statements she received and why she initiated this lawsuit is premised entirely on

6

19-04310-mar    Doc 79    Filed 07/17/20    Entered 07/17/20 13:04:46    Page 6 of 9

Defendants' attempts to collect the $77.61 post-petition balance. (Doc. 76-5, 12:21-14:7, 21:8-22:25, 26:10-28:14.)[1]

In short, Plaintiff's ill-advised argument barely rises to metaphysical doubt which is insufficient to defeat summary judgment. *Cox v. Kentucky Dept. of Transportation*, 53 F.3d 146, 149–50 (6th Cir.1995).

Moreover, Plaintiff's interpretation should be disregarded because it is inadmissible. Plaintiff lacks any personal knowledge or foundation to interpret Dr. Shamoon's business records. Fed. R. Evid. 602 (personal knowledge), 702 (expert testimony). Plaintiff's inadmissible arguments regarding Dr. Shamoon's account ledger are insufficient at summary judgment and should be disregarded. Fed. R. Civ. P. 56(c)(1)(B) (evidence at summary judgment must be admissible).

In sum, Plaintiff's has not established a genuine issue of material fact that either Defendant violated the bankruptcy stay. Defendants are entitled to summary judgment.

## **CONCLUSION**

Defendants I.C. System, Inc. and Samer G. Shamoon, D.D.S., P.C. respectfully request that Plaintiff's claims be dismissed for lack of standing or, alternatively, that summary judgment be entered against Plaintiff and in Defendants' favor.

---

[1] The testimony relied upon to support Plaintiff's central argument is based solely on a line of leading questions by her attorney which, in the end, only provides Plaintiff's interpretation of Dr. Shamoon's account ledger. (Doc. 76-5 at 39:14-45:8.) Plaintiff's inadmissible interpretation of Dr. Shamoon's business records and accounting is insufficient to defeat summary judgment. (*See supra*)

*~SIGNATURE BLOCK FOLLOWS~*

**BASSFORD REMELE, P.A.**

Dated: July 17, 2020	*/s/ Jessica L. Klander*
Jessica L. Klander (MN #392290)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Ph: (612) 333-3000
Email: jklander@bassford.com

And

Gregory R. Neidle
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Ph: (248) 723-9511
Email: gneidle@dobbsneidle.com

*Attorneys for Defendants*

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MICHIGAN

| | |
|---|---|
| In Re: | Bky. No.: 17-47680-mar |
| Francetta Boyd | Chapter 7 |

Francetta Boyd,

        Plaintiff,

Adversary Proceeding No.: 19-04310-mar

v.

I.C. System, Inc., and
Samer G. Shamoon, D.D.S., P.C.,

        Defendants.

## DECLARATION OF PROOF OF SERVICE

I, Jessica L. Klander, an attorney licensed to practice law in this Court, with an office address of 100 South Fifth Street, Minneapolis, MN 55402 declare that on July 17, 2020, I caused the following documents:

**Reply Memorandum of Law in Support of Motion for Summary Judgment;**

to be filed electronically with the Clerk of the Bankruptcy Court through ECF, and that ECF will send an electronic notice of the electronic filing to all parties requesting such notice. And I declare, under penalty of perjury, that the foregoing is true and correct.

                                     Respectfully submitted,

Dated: July 17, 2020         By: */s/Jessica L. Klander*
                                      Jessica L. Klander (MN #392290)